# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH HATTON, an individual, | ) | CASE NO.: 3:15-cv-991 |
| | ) | |
| Plaintiff, | ) | VIOLATIONS OF 38 U.S.C. §4301 *ET* |
| | ) | *SEQ.*; |
| v. | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| VIKING MINING, LLC, a Delaware | ) | |
| Corporation, | ) | **FILING FEE WAIVED PER 38 U.S.C. §** |
| | ) | **4323(H)** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Kenneth Hatton ("Hatton") ("Plaintiff") brings this complaint against Defendant Viking Mining, LLC ("Viking") ("Defendant") on behalf of himself, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

1.     The First Cause of Action of this complaint arises under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§4301-4333. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3) (further codified by 38 U.S.C. §4323(i); 20 C.F.R. §1002.29). Venue is proper because the Plaintiff's employer maintains a place of business in this district, as provided in 38 U.S.C §4323(c)(2).

2.     Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

## PARTIES

3.      Plaintiff Hatton at all pertinent times alleged herein is and was a resident of Illinois. Plaintiff was employed by Defendant and is also a Senior Airman in the Reserve Component of the United States Air Force ("USAFR").

4.      Plaintiff is a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

5.      Defendant Viking Mining, LLC ("Viking") ("Defendant") is believed and therefore alleged to be a corporation organized under the laws of the State of Delaware. Defendant has its principal place of business at 13643 N. Thompsonville Road, Macedonia, Illinois 62860. Defendant Viking's registered agent for service of process is listed by the Illinois Secretary of State as Illinois Corporation Service Co. At all times relevant herein, Defendant Viking is and was doing business pursuant to the laws of the State of Illinois and within the jurisdiction of this Court.

6.      At all times relevant herein, Defendant was and is an employer for purposes of 38 U.S.C. § 4303(4)(A) and § 4323(i).

7.      Whenever and wherever reference is made to individuals who are not named as Defendants in this action, but were employees/agents of Defendants, or any of them herein, such individuals at all times acted on behalf of Defendants named in this action within the scope of their respective employments and agencies.

## GENERAL ALLEGATIONS

8.      Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 7, inclusive, as though set forth at length herein and made a part hereof.

9.      Plaintiff enlisted in the United States Air Force Reserve ("USAFR") in 2012.

10.     Plaintiff began working for Defendant in October 2014, as an outby/belt mover at Defendant's Viking Mine facility. Prior to being hired, Plaintiff notified Defendant of his Air Force Reserve service obligations.

11.     On October 22, 2014 at approximately 8:15 a.m., Gabe Wheeler, a supervisor at the Viking Mine facility told Plaintiff "you're gonna have to get out of the Girl Scouts, because that sh*t ain't gonna fly around here," or words to that effect. Plaintiff responded to Mr. Wheeler, "I'm actually in the Air Force" to which Mr. Wheeler replied, "doesn't matter if it's army, navy or Marines it ain't gonna work."

12.     Mr. Wheeler then asked Plaintiff if Jesse Crawford, Defendant's employee in Human Resources, knew that Plaintiff was in the Air Force Reserves when Mr. Crawford hired Plaintiff. Plaintiff responded that he did. Mr. Wheeler shook his head, told Plaintiff "that's bullsh*t and it ain't gonna fly" and walked off.

13.     On October 23, 2014 at approximately 8:30 a.m., Travis Brown, Defendant's general mine foreman at its Viking Mine facility began questioning Plaintiff about his military service obligations. Mr. Brown told Plaintiff that if he wanted a "bossing position" that he would have to get out of the military because Mr. Brown could not work around Plaintiff's military service obligations.

14.     In November and December, 2014, and again in January 2015, Plaintiff performed his monthly weekend military service obligations, called "drill weekend." Plaintiff's drill site was Whiteman Air Force Base, Missouri, a 6-hour drive from Plaintiff's home of record.

15.     Plaintiff's drill weekends would typically end at approximately 4:30 p.m. on Sunday afternoons.

16.     Plaintiff's regularly scheduled shift with Defendant began at 11:00 p.m.

17.     USERRA provides that an employee returning to work after periods of military service less than 31 days may report to work "not later than the beginning of the first full regularly scheduled work period on the first full calendar day following the completion of the period of service and the expiration of eight hours after a period allowing for the safe transportation of the person from the place of that service to the person's residence." 38 U.S.C. § 4312(e)(1)(A)(i).

18.     After Plaintiff's drill weekends in November and December 2014, and in January 2015, Mr. Crawford and Mr. Brown told Plaintiff he had to report to work for his scheduled, 11:00 p.m. shift on Sunday evening and that "he would be in trouble" if he didn't report to work on Sunday evening.

19.     On January 9, 2015, Mr. Crawford told Plaintiff that he would not get his monthly safety bonus because Plaintiff had to miss one day of work per month for his military service obligations.

20.     Prior to departing on an annual training period of military service to Lackland AFB, Texas in March 2015, Plaintiff provided Defendant, via Mr. Crawford, a copy of his written orders and a letter from his military commander detailing three of Plaintiff's upcoming military service obligations.

21.     An employee may give written or verbal notice of his intent to perform military service obligations. 38 U.S.C. § 4312(a)(1); 20 C.F.R. §1002.85.

22.    While Plaintiff was on military orders in March 2015, Mr. Crawford constantly harassed Plaintiff for written copies of his military orders and told Plaintiff that if he did not provide written orders, he would be terminated. Plaintiff told Mr. Crawford that he had already provided copies of his orders as well as the letter from his commander, although he was not required to do so. Mr. Crawford then verbally terminated Plaintiff's employment.

23.    After verbally terminating Plaintiff, Mr. Crawford continued to harass Plaintiff for copies of his written orders, telling Plaintiff that if he provided written orders, he could have his job with Defendant back.

24.    On July 16, 2015, while Plaintiff was performing military service obligations at Edwards Air Force Base, California, one of the periods listed in the letter from Plaintiff's commander, Defendant sent Plaintiff a letter signed by Mr. Crawford terminating his employment.

25.    Plaintiff was unlawfully subjected to discrimination, harassment and a hostile work environment because of his military service obligations.

26.    Plaintiff was unlawfully denied monetary bonuses including, but not limited to, a monthly safety bonus because of his military service obligations.

27.    Plaintiff was unlawfully terminated because of his military service obligations.


**FIRST CAUSE OF ACTION**

**Discrimination under 38 U.S.C. §4301 et seq.**

28.    Plaintiff re-alleges and incorporates the allegations of Paragraphs 1 through 27 of this complaint, as though fully set forth herein.

29.	USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4311.

30.	Plaintiff's protected status as USAFR member was a substantial and motivating factor in Defendants' denial of Plaintiff's benefits of employment without good cause, including but not limited to, the freedom from harassment and a hostile work environment, monetary bonuses, promotional opportunities, and ultimately his termination.

31.	Section 4311 of USERRA provides, in relevant part, that a person "who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied… any benefit of employment by an employer on the basis of that membership,…performance of service, or obligation."

32.	Section 4311(c) further provides:

An employer shall be considered to have engaged in actions prohibited:

(1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. §4311(c)

33.	"Benefit" is defined as:

The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, *bonuses*, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. §4303(2) (emphasis added).

34.	Section 4312 of USERRA provides, in relevant part, that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed

-6-

services shall be entitled to the reemployment rights and benefits and other employment benefits."

35.     Section 4316 of USERRA provides that any period of absence from employment due to or necessitated by uniformed service is not considered a break in employment, so an employee absent due to military duty must be treated as though they were continuously employed.

36.     Defendant knowingly and willfully violated USERRA, including but not limited to Sections 4311, 4312, and 4316 by, among other ways, discriminating against Plaintiff, by attempting to force him back to his civilian employment before the expiration of eight hours and reasonable by denying him employment benefits in the form of promotional opportunities and the position he reasonably would have attained upon his return from military service "on the basis of" his "obligation to perform service in a uniformed service."

37.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered injuries and damages including, but not limited to, loss of promotional opportunities with salary increases, to his damage in an amount to be proven at trial.

38.     Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his loss pursuant to 38 U.S.C. §4323(d)(1)(C).

39.     Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

///

///

///

///

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendants, and each of them, as follows:

1.      Compensatory damages including lost wages, and lost employee benefits in an amount to be proven at trial;

2.      Liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C);

3.      Reasonable attorney's fees, expert witness fees, and other litigation expenses pursuant to 38 U.S.C. §4323(h);

4.      For costs of suit incurred;

5.      For prejudgment interest:

6.      For such other and further relief as this court may deem just and proper.


Dated:  September 4, 2015                    KENNETH HATTON, an individual,

                                             By: */s/ Brian J. Lawler*

> Brian J. Lawler
> Attorney for Plaintiff
> **PILOT LAW, P.C.**
> 1551 Ninth Avenue
> San Diego, California  92101
> blawler@pilotlawcorp.com
> Tel:  866.512.2465
> Fax:  619.231.4984
> California Bar No. 221488